Entered on Docket
December 14, 2006
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: December 14, 2006

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 05-49326 TG
                                         Chapter 13
JOHN PAK,

        Debtor.
_____/

**AMENDED MEMORANDUM OF DECISION**

The above-captioned debtor (the "Debtor") seeks confirmation of his amended chapter 13 plan, filed on August 1, 2006 (the "Plan"). The chapter 13 trustee (the "Trustee") and an unsecured creditor ("American Express") object to confirmation.[1] Section 1325(b)(1)(B) provides that, when the chapter 13 trustee or an unsecured creditor objects to confirmation, the plan may not be confirmed unless it provides that all of the debtor's "projected disposable income" will be used to pay unsecured creditors during the term of the plan. 11 U.S.C. § 1325(b)(1)(B). The parties disagree about the meaning of

---

[1] The Office of the United States Trustee (the "UST") also filed an objection. The Debtor contends that the UST has no standing to object. This dispute need not be resolved since the Court concludes, in any event, that the Plan may not be confirmed.

"projected disposable income."[2] As discussed below, based on the Court's construction of this phrase, the Plan may not be confirmed.

**DISCUSSION**

**A. BACKGROUND**

The Debtor filed a chapter 7 petition on October 31, 2005.[3] Shortly thereafter, the UST filed a motion to dismiss the case as abusive under 11 U.S.C. § 707(b)(3)(B): i.e., based on the totality of circumstances of the Debtor's financial condition. Because the Debtor was unemployed for the bulk of the six months preceding the filing, the "current monthly income," as defined by 11 U.S.C. § 101(10A), placed him below the median of income earners in the applicable geographical area. Thus, he was not subject to the "means test" for purposes of determining whether the case was abusive. See 11 U.S.C. § 707(b)(2) and (b)(7)(A). However, he was subject to the test for abuse set forth in 11 U.S.C. § 707(b)(3)(B).

At the time the bankruptcy petition was filed, the Debtor was earning over $100,000 a year. Examining the Debtor's Schedules I and J, the Court concluded that the Debtor could afford to pay unsecured creditors approximately 19 percent of their claims through a chapter 13 plan. As a result, the Court found the case to be abusive and

---

[2] This Court's opinion as to the meaning of this phrase will presumably have a short shelf-life. It is the Court's understanding that the Ninth Circuit Court of Appeals has accepted a direct appeal of this issue in In re Laura F. Kagenveama, No. 05-28079 PHX-CGC.

[3] Thus, this case is subject to the amendments made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

2

subject to dismissal under 11 U.S.C. § 707(b)(3)(B). See In re Pak, 343 B.R. 239 (Bankr. N.D. Cal. 2006).

The Debtor then converted his case to chapter 13 and filed a plan. The Plan proposes to pay the Trustee, for disbursement to unsecured creditors, $300 a month for thirty-five months and $322.20 for one month. The Plan estimates that unsecured creditors will receive 1.6 percent of their claims. The Debtor contends that these payments constitute more than his "projected disposable income" which he calculates by multiplying his "disposable income"--i.e. the average of his earnings during the six months preceding the bankruptcy filing--by the number of months of the Plan. The Trustee and American Express disagree with this approach. They contend that the Debtor's post-filing income must be used for the calculation.

**B. DECISION**

The Debtor contends that his interpretation of "projected disposable income" represents the plain language of the statute. When the language of a statute is plain, unless the result is absurd, the Court's sole function is to apply the statute. Lamie v. U.S. Trustee, 540 U.S. 461, 534 (2004). The Debtor notes that "disposable income" is now defined as "current monthly income" less the debtor's reasonably necessary living expenses. 11 U.S.C. § 1325(b)(2).

As relevant here, "current monthly income" is defined as the "average monthly income from all sources" received by the debtor during the six months before the last day of the month before the day the bankruptcy petition was filed. 11 U.S.C. § 101(10A)(A)(I). It "includes any amount paid by any entity other than the debtor...on a

3

regular basis for the household expenses of the debtor..." but "excludes benefits received under the Social Security Act" and certain other types of payments not relevant here. 11 U.S.C. § 101(10A)(B).

The word "projected" is not defined. However, the Debtor contends that its meaning is plain. He contends that, once the Debtor's "disposable income" is determined in accordance with the definition summarized above, one "projects" it by multiplying it by the number of months of the Plan. Thus, he views the term "projected" as meaning "extended."

The Debtor contends that this construction of the word "projected" is consistent with pre-BAPCPA practice. He notes that the phrase "projected disposable income" is not new. Only the definition of "disposable income" is new. According to the Debtor, pre-BAPCPA, "disposable income" was determined by reference to Schedules I and J. A bankruptcy court would determine a chapter 13 debtor's "projected disposable income" by multiplying the debtor's "disposable income" as determined from Schedules I and J over the term of the Plan.

The Debtor also notes that this construction of the term "projected" gives meaning to every term of the phrase "projected disposable income."[4] Thus, it is consistent with a basic principle

---

[4] The Kagenveama court was persuaded by this argument to adopt the position advocated by the Debtor. It found that, otherwise, the definition of "disposable income" in 11 U.S.C. § 1325(b)(2) would serve no purpose. The Court's answer to that argument is set forth below.

4

of statutory construction. See Duncan v. Walker, 533 U.S. 167, 172-74 (2001). Finally, the Debtor contends that his construction of the term is consistent with the expressed legislative intent of limiting bankruptcy judges' discretion.

Although this issue was not briefed as part of the motion to dismiss the chapter 7 case, the Court found it necessary to consider the issue in that context. At that time, there were only a few published decisions dealing with it. The Court found most persuasive the rationale set forth in In re Jass, 340 B.R. 411 (Bankr. D. Utah 2006).

The Jass court concluded that the "plain language" of the statute required a different construction. It concluded that, while the definition of "disposable income" required the Court to look backward, the placement of the word "projected" before that phrase required the Court to also look forward. The Jass court construed the word "projected" as meaning "estimated" or "predicted." See id. at 415-16.

The Jass court held that the proper approach was to presume that the debtor's "projected disposable income" was based on the debtor's "current monthly income." However, the debtor should be permitted to rebut this presumption by presenting evidence of a substantial change in his financial condition post-filing. If so, the court should base its determination on the income shown on Schedule I in the calculation. Id. at 418-19. This construction also gives meaning to every term in the phrase "projected disposable income." Id. at 418.

As the UST notes in her brief, numerous bankruptcy court decisions have been published since the Court's prior decision in this case. The majority of the decisions reach the same result as that reached in Jass. The weakness in the Jass approach is that the definition of "current monthly income" is abandoned once the debtor presents substantial evidence that his financial circumstances have changed post-petition. Thus, arguably, in these instances, "disposable income" is treated as surplusage.

Both constructions of the word "projected" are plausible. As a result, the Court is unable to find the word unambiguous. The Court agrees with the Jass court and its progeny that the more reasonable construction of the "projected" is "estimated" or "predicted." However, the Court does not believe that the statutory definition of "disposable income" can be abandoned even when the debtor presents evidence of a change in circumstances. There is a reason why it cannot be.

The income required to be reported on Schedule I is different from "current monthly income" as defined in 11 U.S.C. § 101(10A). As noted above, Schedule I income does not exclude Social Security payments and does not include payments made by any other entity for the debtor's household expenses. In determining whether a plan provides all of the debtor's "projected disposable income," a court should attempt to predict what the debtor's disposable income during the term of the plan will be, using the definition of "current monthly income" set forth in 11 U.S.C. § 101(10A).

This construction of the phrase gives meaning to every word in the phrase. It is also consistent with one of the primary purposes of BAPCPA's consumer amendments: i.e., to force "can-pay" debtors to pay their creditors what they can, through a chapter 13 plan. While Congress also expressed the intent to limit bankruptcy judges' discretion, as discussed in the Court's prior decision in this case, the consumer amendments nevertheless contain some provisions requiring judges to exercise discretion. See Pak, 343 B.R. at 243-44.

This construction of the term "projected" is also consistent with past practice. The Court disagrees with the Debtor's contention that, before BAPCPA, to determine a debtor's "projected disposable income," a court simply multiplied the difference between the figures on Schedule I and J by the number of months in the plan.

Schedule I and J is simply a snapshot of the debtor's current income and expenses at the time of filing. Commonly, pre-BAPCPA, chapter 13 debtors anticipated changes in their financial circumstances during the term of the plan and structured their proposed payments accordingly. Alternatively, when debtors' proposed payments did not reflect anticipated increases in income or diminished expenses during the term of the plan, the chapter 13 trustee or a creditor objected to the plan as not contributing all of the debtor's disposable income to the plan. Thus, the court "projected" or estimated the debtor's "disposable income" by taking into account those anticipated changes.

7

**CONCLUSION**

The Plan may not be confirmed because it does not provide for the payment of the Debtor's "projected disposable income" during the term of the Plan. The Trustee is directed to submit a proposed form of order sustaining the objections and denying confirmation.

END OF DOCUMENT

8

COURT SERVICE LIST

Cathleen Cooper Moran
Moran Law Group, Inc.
1674 N. Shoreline Blvd., Ste. 140
Mountain View, CA 94043

Minnie Loo
Office of the United States Trustee
1301 Clay St., Ste. 690N
Oakland, CA 94612

John M. O'Donnell
Law Offices of John M. O'Donnell
915 University Ave.
Sacramento, CA 95825

Michael H. Meyer
3510 Unocal Place, Ste. 207
Santa Rosa, CA 95406-0609

Martha Bronitsky
24301 Southland Drive, Ste. 200
Hayward, CA 94545-1541